IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESSIE LEE WASHINGTON,            }
TDCJ-CID No. 901757,              }
       Petitioner,            }
v.                                }          CIVIL ACTION H-09-0007
NATHANIEL QUARTERMAN.,            }
       Respondent.           }

## OPINION ON DISMISSAL

Petitioner Jessie Lee Washington, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1999 state court felony conviction. Respondent has moved for summary judgment, alleging that the petition is barred by the governing statute of limitations.  (Docket Entry No.16).  For the reasons to follow, the Court will grant respondent's summary judgment motion and dismiss this action with prejudice.

I.    PROCEDURAL HISTORY

Petitioner reports that on December 3, 1999, he was convicted of sexual assault, enhanced by a prior conviction, in cause number 26,973-272 in the 272nd Criminal District Court of Harris County, Texas, and was sentenced to confinement for life in TDCJ-CID. (Docket Entry No.1).  The Texas Court of Criminal Appeals granted petitioner an out-of-time appeal. *Ex parte Washington*, No.AP-73,886 (Tex. Crim. App. Sept. 13, 2000).  The Sixth Court of Appeals for the State of Texas affirmed the district court's judgment on August 24, 2001. *Washington v. State*, 59 S.W.3d 260 (Tex. App-Texarkana, 2001, pet. ref'd).  The Texas Court of Criminal Appeals refused his petition for discretionary review ('PDR') on May 29, 2002. *Washington v. State*, PDR No.1949-01.  Petitioner did not file a petition for writ of *certiorari* in

the United States Supreme Court and his time to do so expired on August 27, 2002, ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about August 27, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a second state habeas application challenging his conviction on November 6, 2007. *Ex parte Washington*, Application No.WR-44,788-02. The Texas Court of Criminal Appeals denied the application without written order on January 16, 2008. *Id.* at action taken sheet.

Petitioner filed the pending federal petition for a writ of habeas corpus on December 17, 2008. (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. He is actually innocent because newer DNA testing methods are available;

2. He was denied the effective assistance of counsel at trial and on appeal;

3. He was denied a fair trial because of prosecutorial misconduct;

4. He has been subjected to double jeopardy because his punishment was enhanced by prior offenses older than ten years; and,

5. The evidence is insufficient to support his conviction.

(Docket Entry No.1).

II.    <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Respondent moves for summary judgment on grounds that the pending petition as time-barred.  (Docket Entry No.16).  Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§2244(d)(1)-(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Under the provisions of the AEDPA, petitioner's one-year limitation period began on August 27, 2002, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on August 27, 2003.

The pendency of petitioner's second state habeas application in the state habeas courts from November 6, 2007, to January 16, 2008, did not toll the AEDPA limitations because it was filed after the expiration of the limitations period. See *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). The pending petition, filed on December 19, 2008, years after limitations expired, is therefore time-barred.

Respondent further contends that petitioner has not alleged any facts that could support further statutory tolling or equitable tolling of the limitations period. (Docket Entry No.16). Respondent maintains that petitioner was not diligent in pursuing federal habeas relief because he did not seek federal habeas relief for years after his state habeas application was denied. (*Id.*).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Petitioner has not shown in his pleadings that any extraordinary circumstance, other than his incarceration, stood in his way or prevented

him from timely filing the pending petition.  Nor has he shown that he diligently pursued federal habeas relief.

The Court further finds that to the extent petitioner asserts his actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless.  The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted.   In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period.  *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002).  A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder,* 204 F.3d at 171 (5th Cir. 2000); *Cousin,* 310 F.3d at 849; *United States v. Riggs,* 314 F.3d 796, 800 n. 9 (5th Cir. 2002).  In addition, petitioner has not shown that he has reliable new evidence that establishes his actual innocence.  *See Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Because the pending petition is barred by the AEDPA's one-year limitations period, the Court GRANTS respondent's motion for summary judgment.   Accordingly, the pending federal habeas action is DISMISSED WITH PREJUDICE.

III.   <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.   <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1.      Respondent's motion for summary judgment (Docket Entry No.16) is GRANTED.

2.      Petitioner's federal habeas petition is DISMISSED WITH PREJUDICE AS TIME-BARRED.

3.      A certificate of appealability is DENIED.

4.      All pending motions are DENIED.

The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 23rd day of November, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE